UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In the Matter of : | |
| : | |
| MICHAEL STARR, as Owner of : | C.A. No. 22-88WES |
| S/V CHATON (O.N. 1235286), a 52' : | |
| Catana Catamaran, for Exoneration from or : | |
| Limitation of Liability, : | |
| Plaintiff. : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before the Court is Plaintiff Michael Starr's motion (ECF No. 3) for an order directing issuance of notice and restraining suits, supported by his Verified Complaint (ECF No. 1) for exoneration from and/or limitation of liability pursuant to the Limitation of Shipowner's Liability Act of 1851, 46 U.S.C. §§ 30501-30512 (the "Limitation Act") and Fed. R. Civ. P. Supp. F, as well as Local Admiralty Rule F(1). Plaintiff seeks exoneration from liability for any and all injuries, damages and losses of any kind arising from events that occurred on October 26-28, 2021, when the S/V CHATON ("the vessel") broke free from its moorings during a storm and drifted on the waters of Narragansett Bay, Rhode Island, alliding with and allegedly damaging nearby docks, as well as any other claimed losses incurred by others that have been and/or may hereafter be made.

Plaintiff's Verified Complaint asserts that the post-casualty value of the vessel is $30,000, with no freight then pending, based on the declaration of a marine surveyor; Plaintiff has also filed a stipulation of security for that amount plus $1,000 in costs in compliance with Local Admiralty Rule F(1). ECF No. 1-2, 1-3. Plaintiff avers that claims already submitted to

his surety by the dock owners exceed the present fair market value of the vessel. Plaintiff further avers that he has valid defenses on the facts and the law. ECF No. 1 at 5 ¶ 34.

Based on these averments, Plaintiff's motion asks the Court to issue an injunctive order, which he will serve by mail or electronic mail on the persons and/or entities to be enjoined, ceasing and enjoining all lawsuits, causes of action and claims against Plaintiff and his property arising from the vessel breaking free from its mooring between October 26-28, 2021 (including but not limited to any allision(s) between the vessel and the docks located at and/or near 100-104 Racquet Road, Jamestown, Rhode Island, and 90 Racquet Road, Jamestown, Rhode Island), except as asserted in this civil action. He also asks the Court to direct the Clerk to issue a notice to claimants to be published in The Providence Journal and to be mailed in accordance with Fed. R. Civ. P. Supp. F(4). He further asks the Court to set a bar date, with the admonishment to all persons asserting claims that they must file their respective claims, including the claim of any person contesting the right of exoneration or limitation of liability, with the Clerk in writing and to serve Plaintiff's attorney by the bar date, or be defaulted.

The motion has been referred to me; I address it by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See Seldon v. Lehman Bros., Inc., No. 09–13162, 2010 WL 2351492, at *1 (E.D. Mich. May 20, 2010) ("Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief."). For the reasons that follow, I recommend that the relief sought by Plaintiff be granted.

I. **BACKGROUND**

Plaintiff is the owner of the vessel. On October 24, 2021, in preparation for a predicted storm, Plaintiff conducted a survey of the vessel to ensure it remained in a seaworthy and safe condition and confirmed the vessel was safely secured to its mooring by a bridle line that

appeared in good shape, having been first put into service in May 2020, and showing no signs of chafing.  Plaintiff then returned to his residence in Massachusetts.  On October 26, 2021, the vessel was securely moored in a mooring field operated by Clark Boat Yard, located at 110 Racquet Road, Jamestown, Rhode Island.

During the following events, no owners or operators were aboard the vessel.  That evening, the storm passed through the area and at some point in the early hours of October 27, 2021, the stormy conditions caused the vessel's bridle line to part from the mooring and the vessel to drift ashore and allide with a dock located at 100-104 Racquet Road, Jamestown (the "Smyth Dock").  Plaintiff's boat yard alerted him on the morning of October 27, 2021, that the vessel had broken free of its mooring and was drifting near the Smyth Dock.  Plaintiff went to the Smyth Dock that morning to assess the situation and engaged a salvage company (Safe/Sea) to secure and recover the Vessel; however, given the weather conditions, Safe/Sea could not begin salvage operations until October 28, 2021.  Later that morning, the vessel drifted and allided with another dock located at 90 Racquet Road in Jamestown (the "Hirshland Dock") and became trapped by one of its pilings.  Safe/Sea recovered the vessel and removed it from the Hirshland Dock.

Plaintiff asserts that the allision(s) with the two docks and any and all injuries, damages and losses claimed to have resulted therefrom, were not caused or contributed to by any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the vessel or Plaintiff.  Alternatively, if any of the above is found to have been the case, Plaintiff alleges that it was occasioned and incurred without the privity or knowledge of Plaintiff.  <u>See generally</u> ECF No. 1.

Plaintiff expects that formal claims based on those injuries, damages and losses will be presented in due course and that the total claims will exceed the post-casualty value of the vessel. Based on a valuation signed by an accredited marine surveyor attached to the complaint, the vessel has a post-casualty value of $30,000. ECF No. 1-2. As security for the vessel's value, plus costs and interest, Plaintiff has filed with the Court a signed stipulation from his surety, Geico Marine Insurance Company. ECF No. 1-3.

II.     **LAW AND ANALYSIS**

Under the Limitation Act, the owner of a vessel may limit his liability to the value of the vessel and pending freight for "any loss, damage, or injury by collision . . . done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b). The procedural requirements for bringing such action are found in the Fed. R. Civ. P. Supp. F for Admiralty or Maritime Claims. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001). The owner of a vessel must bring the action in federal district court seeking exoneration from or limitation of liability "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). When the action is filed, the owner of the vessel

> shall . . . deposit with the court, for the benefit of claimants - (A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter [46 U.S.C. §§ 30501 et seq.].

Id. § 30511(b)(1). In addition to this security requirement, pursuant to Fed. R. Civ. P. Supp. F(1), the plaintiff "shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P. Supp. F(1). Local Admiralty Rule F(1) for the District of Rhode Island requires that "[t]he amount of security for costs under Supplemental Rule F(1) shall be $1,000, and security for costs may be combined with security for value and interest unless otherwise ordered." LAR F(1). If a

claimant wishes to challenge the sufficiency of the security "on the ground that [it is] less than the value of the plaintiff's interest in the vessel and pending freight," such claimant may, upon motion, demand that the deposited funds be increased.  Fed. R. Civ. P. Supp. F(7).

Once an owner has complied with Fed. R. Civ. P. Supp. F(1) and has deposited the appropriate security with the Court, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease."  Fed. R. Civ. P. Supp. F(3); 46 U.S.C. § 30511(c).  Fed. R. Civ. P. Supp. F(3) provides that the Court shall, upon motion by the owner seeking limitation, "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."  Fed. R. Civ. P. Supp. F(3).  See In re Paradise Holdings, Inc., 795 F.2d 756, 761 (9th Cir. 1986) (district court has broad discretion in issuance of injunction under Fed. R. Civ. P. Supp. F(3)). Supplemental Rule F(4) provides that the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their claims with the clerk and to serve them on the attorneys for the plaintiff on or before a bar date to be named in a notice, which shall be published in such newspaper as the Court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  In addition, not later than the day of second publication, the plaintiff must mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.  After proper notice has been given, "the court, sitting without a jury, adjudicates the claims," and "[t]he court then determines whether the owner may limit liability."  Id.

I find that Plaintiff's Verified Complaint, declaration of a marine surveyor and stipulation of security comply with the requirements of the Limitation Act and Fed. R. Civ. P. Supp. F.

Plaintiff filed his complaint on February 25, 2022, within six months of the October 26-28, 2021, allision(s). ECF No. 3 at 1-2. He has asserted facts that demonstrate his lack of "privity or knowledge" of any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect or lack of reasonable care by or on the part of the vessel or Plaintiff that might have contributed to the alleged injuries, damages and losses, asserting a total lack of responsibility. ECF No. 1 at 4 ¶ 25; see In re Middlesex, 132 F. Supp. 3d 233, 238 (D. Mass. 2015). He has proffered evidence that the vessel has a post-casualty constructive total loss value of $30,000 and has provided security for that value, plus security for interest and costs based on the court-approved amount consistent with the requirements of Fed. R. Civ. P. Supp. F(1) and Local Admiralty Rule F(1). See ECF No. 1-3 at 1-2.

Based on the foregoing, I recommend that the Court order that all lawsuits, causes of action, and claims against Plaintiff and his property arising or resulting from the allision(s) between October 26-28, 2021, shall cease pursuant to 46 U.S.C. § 30511(c) and Fed. R. Civ. P. Supp. F(3). In addition, pursuant to Fed. R. Civ. P. Supp. F(4), I recommend that the Court direct issuance of notice to all persons asserting claims with respect to the October 26-28, 2021, allision(s).

### III.   CONCLUSION

Based on the foregoing, I recommend as follows:

- That this Court forthwith issue an Order Directing Issuance of Notice and Restraining Suits, which shall be based on the form appended to Plaintiff's motion as Exhibit A (ECF No. 3-2), provided that the bar date to be included in paragraph 2 of the said Order shall be set by the Court by incorporating the date that is sixty days following the Court's adoption of this report and recommendation;

- That, pursuant to Fed. R. Civ. P. Supp. F(4), the Clerk shall be directed to issue a notice based on the form appended to Plaintiff's motion as Exhibit B (ECF No. 3-3), but including the bar date set by the Court, to all persons asserting claims with

respect to this incident admonishing them that they will be defaulted unless they file their respective claims on or before the bar date; such claims must be filed with the Clerk of the United States District Court for the District of Rhode Island, with a copy served on Plaintiff's attorney, J. Andrew Black, Esq., Farrell Smith O'Connell Aarsheim Aprans, LLP, at 55 Pine Street, Second Floor, Providence, Rhode Island 02903;

- That, pursuant to Fed. R. Civ. P. Supp. F(4), the notice shall be published in The Providence Journal once a week for four successive weeks prior to the date fixed for filing claims, and Plaintiff shall mail a copy of the notice, by the day of the second publication, to every person known to have made any claims against the vessel or Plaintiff arising out of the allision(s) on October 26-28, 2021.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 15, 2022